JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Nicole McDaniels, et al. (See Next Page)

**DEFENDANTS**

City of Philadelphia and PO Jermias Olivo

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul Messing, Esq., Kairys, Rudovsky, Messing & Feinberg, 718 Arch St., Ste. 501S, Phila., PA 19106   215-925-4400

Attorneys (If Known)

Armando Brigandi, City of Phila. Law Dept., 1515 Arch St., 14th Floor, Phila., PA 19102   215-683-5381

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 05/14/2015

SIGNATURE OF ATTORNEY OF RECORD

Armando Brigandi, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE McDANIELS, | : | Civil Action |
| 718 Arch Street, Suite 501S | : | |
| Philadelphia, PA 19106 | : | NO: _____ |
|     As Administrator of the Estate of | : | |
|     AARON LAMAR McDANIELS, | : | |
|     and on behalf of decedent's survivors, | : | |
|     NICOLE McDANIELS, and | : | |
|     ANTHONY McDANIELS, | : | |
|         Plaintiff | : | *Formerly* |
| | : | **COURT OF COMMON PLEAS** |
|     V. | : | **TRIAL DIVISION - CIVIL** |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PO JERMIAS OLIVO | : | **DECEMBER TERM, 2013** |
| Individually and as a | : | |
| Philadelphia Police Officer | : | NO. 1030 |
| 1515 Arch Street | : | |
| Philadelphia, PA | : | |
|         Defendant | : | |

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   718 Arch Street, Suite 501S, Philadelphia, PA 19106

Address of Defendant:   **City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102**

Place of Accident, Incident or Transaction:  22nd Street and Glenwood Avenue, Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).          Yes ☐          No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐          No ☐
*RELATED CASE IF ANY:*

Case Number: _____  Judge _____          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes ☐          No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes ☐          No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes ☐          No ☐

CIVIL: (Place ✗ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1.   Indemnity Contract, Marine Contract, and All Other Contracts
2.   FELA
3.   Jones Act – Personal Injury
4.   Antitrust
5.   Patent
6.   Labor-Management Relations
7. ✗ Civil Rights
8.   Habeas Corpus
9.   Securities Act(s) Cases
10.  Social Security Review Cases
11.  All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1.   Insurance Contract and Other Contracts
2.   Airplane Personal Injury
3.   Assault, Defamation
4.   Marine Personal Injury
5.   Motor Vehicle personal Injury
6.   Other Personal Injury (Please specify)
7.   Products Liability
8.   Products liability - Asbestos
9.   All other Diversity Cases
     (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Armando Brigandi         , counsel of record do hereby certify:

✗  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: 05/19/2015          _____          92208
                          **Armando Brigandi, Esquire**          Attorney I.D. #
                          Attorney-at-Law

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/19/2015          _____          92208
                          **Armando Brigandi, Esquire**          Attorney I.D. #
                          Attorney-at-Law

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE McDANIELS, | : | Civil Action |
| 718 Arch Street, Suite 501S | : | |
| Philadelphia, PA 19106 | : | NO: _____ |
|     As Administrator of the Estate of | : | |
|     AARON LAMAR McDANIELS, | : | |
|     and on behalf of decedent's survivors, | : | |
|     NICOLE McDANIELS, and | : | |
|     ANTHONY McDANIELS, | : | |
|            Plaintiff | : | *Formerly* |
| | : | COURT OF COMMON PLEAS |
|     V. | : | TRIAL DIVISION - CIVIL |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PO JERMIAS OLIVO | : | DECEMBER TERM, 2013 |
| Individually and as a | : | |
| Philadelphia Police Officer | : | NO. 1030 |
| 1515 Arch Street | : | |
| Philadelphia, PA | : | |
|           Defendant | : | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.     (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     ( **X** )

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Date | **Armando Brigandi, Esq.** | Attorney for |
| **(215) 683-5381** | **(215) 683-5397** | **armando.brigandi@phila.gov** |
| _____ | _____ | _____ |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICOLE McDANIELS, | : | Civil Action |
| 718 Arch Street, Suite 501S | : | |
| Philadelphia, PA 19106 | : | NO: _____ |
| As Administrator of the Estate of | : | |
| AARON LAMAR McDANIELS, | : | |
| and on behalf of decedent's survivors, | : | |
| NICOLE McDANIELS, and | : | |
| ANTHONY McDANIELS, | : | |
| Plaintiff | : | *Formerly* |
| | : | COURT OF COMMON PLEAS |
| V. | : | TRIAL DIVISION - CIVIL |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PO JERMIAS OLIVO | : | DECEMBER TERM, 2013 |
| Individually and as a | : | |
| Philadelphia Police Officer | : | NO. 1030 |
| 1515 Arch Street | : | |
| Philadelphia, PA | : | |
| Defendant | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Police Officer Jermias Olivo and City of Philadelphia (hereinafter "petitioners") through their counsel, Armando Brigandi, Divisional Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendants state the following:

1. In December, 2013, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, December Term, 2013; No. 1030.

2. On May 15, 2015 plaintiff filed an Amended Complaint, wherein the City of Philadelphia was added as a defendant, and plaintiff added addition Federal Civil Rights claims. (Exhibit A – Amended Complaint).

3.  On May 15, 2015 the Amended Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

4.  Plaintiff alleges that on or about August 20, 2013, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

5.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A – Count I)

**Wherefore,** petitioners, Police Officer Jermias Olivo and City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

**ARMANDO BRIGANDI**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 92208**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date: 5/14/2015

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE McDANIELS, | : | Civil Action |
| 718 Arch Street, Suite 501S | : | |
| Philadelphia, PA 19106 | : | NO: _____ |
|    As Administrator of the Estate of | : | |
|    AARON LAMAR McDANIELS, | : | |
|    and on behalf of decedent's survivors, | : | |
|    NICOLE McDANIELS, and | : | |
|    ANTHONY McDANIELS, | : | |
|          Plaintiff | : | *Formerly* |
| | : | COURT OF COMMON PLEAS |
|        V. | : | TRIAL DIVISION - CIVIL |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PO JERMIAS OLIVO | : | DECEMBER TERM, 2013 |
| Individually and as a | : | |
| Philadelphia Police Officer | : | NO. 1030 |
| 1515 Arch Street | : | |
| Philadelphia, PA | : | |
|        Defendant | : | |

## NOTICE OF FILING OF REMOVAL

TO:    Paul Messing, Esquire
        Kairys, Rudovsky, Messing & Feinberg
        718 Arch Street, Suite 501S
        Philadelphia, PA 19106

     PLEASE TAKE NOTICE THAT on May 1, 2015, defendants, Police Officer Jermias Olivo and City of Philadelphia filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

     A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**ARMANDO BRIGANDI**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE McDANIELS, | : | Civil Action |
| 718 Arch Street, Suite 501S | : | |
| Philadelphia, PA 19106 | : | NO: _____ |
|     As Administrator of the Estate of | : | |
|     AARON LAMAR McDANIELS, | : | |
|     and on behalf of decedent's survivors, | : | |
|     NICOLE McDANIELS, and | : | |
|     ANTHONY McDANIELS, | : | |
|         Plaintiff | : | *Formerly* |
| | : | COURT OF COMMON PLEAS |
|       V. | : | TRIAL DIVISION - CIVIL |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PO JERMIAS OLIVO | : | DECEMBER TERM, 2013 |
| Individually and as a | : | |
| Philadelphia Police Officer | : | NO. 1030 |
| 1515 Arch Street | : | |
| Philadelphia, PA | : | |
|         Defendant | : | |

## CERTIFICATE OF SERVICE

I, Armando Brigandi, Divisional Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Paul Messing, Esquire
        Kairys, Rudovsky, Messing & Feinberg
        718 Arch Street, Suite 501S
        Philadelphia, PA 19106

**ARMANDO BRIGANDI**
**Divisional Deputy City Solicitor**
**Attorney ID No. 92208**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5381

Date: _____

Exhibit "A"

THIS IS NOT AN ARBITRATION
CASE.
ASSESSMENT   OF   DAMAGES
HEARING IS REQUIRED
JURY TRIAL IS DEMANDED

KAIRYS, RUDOVSKY, MESSING & FEINBERG
BY: Paul Messing, Esquire
Identification No. 17749
718 Arch Street, Suite 501S
Philadelphia, PA  19106
(215)925-4400

                                                    Attorney for Plaintiff

_____

NICOLE McDANIELS,                          :        COURT OF COMMON PLEAS
718 Arch Street, Suite 501S                :        TRIAL DIVISION – CIVIL
Philadelphia, PA 19106                     :
    As Administrator of the Estate of      :
    AARON LAMAR McDANIELS,                 :        DECEMBER TERM, 2013
    and on behalf of decedent's survivors, :
    NICOLE McDANIELS, and                  :
    ANTHONY McDANIELS,                     :        NO. 1030
        Plaintiff                     :
                                           :
       V.                             :
                                           :
CITY OF PHILADELPHIA and                   :
PO JERMIAS OLIVO                           :
Badge No. 4357                             :
Individually and as a                      :
Philadelphia Police Officer                :
1515 Arch Street                           :
Philadelphia, PA                           :
        Defendant                     :

AMENDED COMPLAINT--CIVIL ACTION
(2-B)

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Services
One Reading Center
Philadelphia, PA 19107
Telephone:      (215) 238-6333

## VISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demandanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en for escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO, VAYA PERSONALMENTE O LLAME POR TELEFONO A LA OFICINA MENCIONADA A CONTINUACION. ESTA OFICINA LE PUEDE PROVEER LA INFORMACION NECESARIA PARA CONTRATAR A UN ABOGADO.

SI USTED CARECE DE LOS MEDIOS NECESARIOS PARA CONTRATAR A UN ABOGADO DICHA OFICINA LE PUEDE SUMINISTRAR LA INFORMACION NECESARIA ACERCA DE AQUELLAS AGENCIAS QUE OFRECEN SERVICIOS LEGALES A LAS PERSONAS QUE TIENEN DERECHO A RECIBIR TAL AYUDA GRATIS O A UNA CUOTA REDUCIDA.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
Uno Reading Centro
Filadelfia, Pennsylvania 19107
Telefono:      (215) 238-6333

Case ID: 131201030

## AMENDED COMPLAINT

### Parties

1. Decedent, Aaron Lamar McDaniels, an African American male, resided at 1618 West Lehigh Avenue, Philadelphia. The decedent's date of birth was April 18, 1994, and he died on August 20, 2013, at the age of nineteen. Decedent was unmarried and had no children. Decedent is survived by his parents, Nicole McDaniels and Anthony McDaniels.

2. Plaintiff, Nicole McDaniels, is the Administrator of the Estate of Aaron Lamar McDaniels, Deceased. The address of the Estate is set forth above.

3. On August 28, 2013, the Register of Wills for Philadelphia County granted the plaintiff Letters of Administration at A3597-2013, naming her Administrator of the Estate of Aaron Lamar McDaniels, Deceased.

4. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs defendant Olivo.

5. Defendant Jermias Olivo, Badge Number 4357, was at all relevant times a Philadelphia Police Officer. He is being sued in his individual capacity.

6. Defendants are liable for the injuries and damages suffered by the plaintiff, as are more fully set forth herein.

### Factual Allegations

7. On the early evening hours of August 20, 2013, the decedent, Aaron Lamar McDaniels, was a passenger in a vehicle operated by Kareem Gordon that was involved in an accident in the vicinity of 22nd Street and Glenwood Avenue in Philadelphia.

8. At that time, date and location, defendant Olivo arrived on the scene with his partner,

police officer Paul Camarote.

9. The operator, Mr. Gordon, fled the scene and was pursued by Officer Camarote.

10. Without cause or justification, defendant Olivo fired multiple gunshots at the decedent.

11. Decedent, Aaron Lamar McDaniels, sustained approximately 14 gunshot wounds that were caused by bullets fired by defendant Olivo.

12. Decedent suffered severe and fatal wounds from Olivo's bullets, including gun shot wounds to the chest, abdomen, and extremeties.

13. Decedent was transported from the scene to Temple University Hospital where he was pronounced dead later the same day.

14. Decedent died as a result of the gun shot wounds inflicted by defendant Olivo.

15. Defendant Olivo fired his weapon intentionally and with the intent of using deadly force.

16. Defendant Olivo acted in reckless disregard of the risk of harm to Aaron Lamar McDaniels, which he knew or should have known to be highly probable, and with a conscious indifference to the consequences to the decedent.

17. Defendant Olivo did not have probable cause or any lawful basis to subject the decedent to the use of force and/or deadly force.

18. The actions and conduct of defendant Olivo violated generally accepted police practices and procedures and Philadelphia Police Department directives and practices regarding the pursuit of suspects, high speed chases, the use of force and the use of deadly force.

19. The acts of defendant Olivo were committed intentionally, negligently, without legal justification, cautious regard or due care, and/or with such wanton and reckless disregard of the

[2]

consequences as to show his negligent, conscious and/or deliberate indifference to the danger of harm and injury to the decedent.

20.   Defendant Olivo acted wilfully, deliberately, maliciously, wontonly or with reckless disregard of the decedent's legal and statutory rights.

21.   It was unreasonable for defendant Olivo to believe the use of deadly force was warranted, justified or reasonable at the time he fired his gun, and continued to discharge his firearm.

22.   By his actions, defendant Olivo created the circumstances which resulted in the death of the decedent.

23.   At no time did the decedent, Aaron Lamar McDaniels, commit any offense against the laws of the Commonwealth of Pennsylvania, the City of Philadelphia or the United States of America, or engage in any conduct that justified the actions of defendant Olivo.

24.   Decedent, Aaron Lamar McDaniels, suffered multiple gun shot wounds which required emergency medical treatment and hospitalization, surgery, and ultimately, his death.

25.   Decedent, Aaron Lamar McDaniels, suffered severe conscious pain and suffering.

26.   The actions and inactions of defendant Olivo constituted willful misconduct and criminal conduct.

27.   As a direct and proximate result of the actions and inactions of all defendants, the decedent suffered pain, fear, horror, anxiety, embarrassment, loss of liberty, confinement, physical and psychological injuries, the loss of the enjoyment of life, and death, all to his great detriment and loss.

28.   As a direct and proximate cause of defendant Olivo's actions, the decedent suffered loss of income and deprivation of other liberty interests to his great financial detriment and loss.

[3]

29. Decedent is survived by his parents, Nicole McDaniels and Anthony McDaniels, both of whom he helped to support by providing or contributing to their food, clothing, shelter, medical care, education, entertainment, recreation and/or gifts.

30. As a direct and proximate cause of defendant Olivo's actions, Nicole McDaniels and Anthony McDaniels, suffered, continue to suffer, and will suffer in the future, mental anguish, humiliation, embarrassment, nightmares, anxiety, fear and loss of familial companionship of their son.

### Allegations Related to Defendant Olivo's Misconduct History

31. Paragraphs 1-30 of the Complaint are incorporated herein by reference.

32. Defendant Olivo joined the Philadelphia Police Department (PPD) prior to 2009.

33. Since Olivo joined the PPD, he has been the subject of multiple complaints of misconduct as a police officer.

34. Since Olivo joined the PPD, he has been involved in at least two previous incidents in which he had improperly discharged his police-issued firearm.

35. On or about October 22, 2009, a citizen complaint to the PPD asserted that Olivo had improperly stopped a motor vehicle and subjected the occupants, who were African American men, to physical abuse and verbal abuse, included racial epithets.

36. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the October 22, 2009 incident and failed to take remedial or disciplinary action against defendant Olivo.

37. On or about December 12, 2011, Olivo improperly stopped a motor vehicle and, without cause or justification and in violation of accepted police practices and procedures, shot a passenger, Mr. Albert Jones, an African American, multiple times, inflicting serious bodily injury.

[4]

38. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the December 12, 2011 incident and failed to take remedial or disciplinary action against defendant Olivo.

39. On or about March 1, 2012, Olivo, participating in a baseless pedestrian stop of a citizen, without cause or justification and in violation of accepted police practices and procedures, shot the pedestrian, Mr. Torey Baker, an African American, multiple times, inflicting serious bodily injury.

40. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the March 1, 2012 incident and failed to take remedial or disciplinary action against defendant Olivo.

41. On or about May 3, 2012, a citizen complaint to the PPD asserted that Olivo had improperly stopped and searched a motor vehicle, stole the occupants' money, and subjected the occupants, who were African American, to mistreatment.

42. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the May 3, 2012 incident and failed to take remedial or disciplinary action against defendant Olivo.

43. On or about February 15, 2014, Olivo's spouse, Carmen Olivo, reported that she was physically assaulted by Olivo.

44. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the February 15, 2014 incident and failed to take remedial or disciplinary action against defendant Olivo.

[5]

45. On or about March 24, 2014, Olivo's spouse, Carmen Olivo, reported that Olivo had abused his authority as a police officer to improperly access confidential information about her whereabouts, resulting in the slashing of the tires of her vehicle.

46. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the March 24, 2014 incident and failed to take remedial or disciplinary action against defendant Olivo.

47. On or about April 10, 2014, Olivo's spouse, Carmen Olivo, reported that Olivo confronted her at a court proceeding related to Olivo's alleged violation of a Protection From Abuse Order, and attempted to frighten and intimidate Carmen Olivo.

48. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the April 10, 2014 incident and failed to take remedial or disciplinary action against defendant Olivo.

49. On September 29, 2014, Olivo was arrested and charged with burglary, criminal trespass, terroristic threats, simple assault and possessing an instrument of crime. The criminal charges are pending.

50. The Internal Affairs Division (IAD) of the PPD failed to conduct a timely and proper investigation of the September 29, 2014 incident and failed to take remedial or disciplinary action against defendant Olivo.

51. On May 6, 2015, Olivo was arrested and charged with intimidation of a witness, harassment, unlawful use of computers and related offenses. The criminal charges are pending.

52. Defendant City of Philadelphia failed to take any remedial or disciplinary action against Olivo prior to the shooting death of Aaron Lamar McDaniels, and that failure was a substantial factor

[6]

and/or the proximate cause leading to the death of Aaron Lamar McDaniels and the harms suffered by the plaintiff.

53.   Even after the death of Aaron Lamar McDaniels, and defendant Olivo continued to engage in misconduct and criminal behavior, the City failed to take any remedial or disciplinary action against Olivo prior to the shooting death of Aaron Lamar McDaniels, and that failure was a substantial factor and/or proximate cause leading to the death of Aaron Lamar McDaniels and the harms suffered by the plaintiff.

54.   All defendants engaged in the aforesaid conduct for the purpose of violating the decedent's constitutional and statutory rights by subjecting the decedent to the unreasonable, excessive use of force and deadly force.

### Allegations Related to Police Shootings in Philadelphia

55.   From 2007-2013, Philadelphia police officers shot more than 400 individuals, a rate of police shootings that substantially exceeds the national average.

56.   The City and its decision makers, Mayor Michael Nutter and Police Commissioner Charles Ramsey, failed to take action to control and/or reduce the inappropriate and excessive use of deadly force by PPD officers, causing numerous injuries and deaths, including the death of Aaron Lamar McDaniels.

57.   In August 2013 – within days of the death of Aaron Lamar McDaniels – Philadelphia Police Commissioner Charles Ramsey asked the United States Department of Justice (DOJ) to investigate the high incidence of police shootings and related issues in the City of Philadelphia.

[7]

58. On March 24, 2015, the DOJ issued "An Assessment of Deadly Force in the Philadelphia Police Department." The DOJ findings, which relate to the seven year period leading up to an including the shooting death of Aaron Lamar McDaniels, include the following:

a. PPD officers do not receive regular, consistent training on the department's deadly force policy;

b. PPD officers are not adequately trained on the use of deadly force;

c. PPD's use of force policies are fragmented and confusing;

d. PPD officers are not provided sufficient alternatives to the use of deadly force;

e. PPD officers are not adequately trained on techniques to de-escalate citizen encounters and thus reduce the use of deadly force;

f. The department's disciplinary mechanism is inconsistent, subject to chronic delays, and marred by inadequate investigations;

g. Even in cases where officers were found to have violated department policy during a shooting incident, 73% of those officers were not suspended or terminated; and

h. In a City where Blacks and Whites each make up about 45% of the populations, almost 60% of the officers involved in shootings from 2007-2013 were White, while 81% of the involved suspects were Black.

59. The City of Philadelphia failed to adequately investigate the misconduct allegations against Olivo, including but not limited to the two prior shooting incidents.

60. The City failed to take any remedial or disciplinary actions against Olivo in connection with the misconduct allegations against Olivo, including but not limited to the two prior shooting incidents.

61. The City's failure to take appropriate remedial or disciplinary action against Olivo was a substantial factor in causing the death of Aaron Lamar McDaniels.

[8]

Case ID: 131201030

62. The City's failure to properly train, supervise and/or discipline Olivo was a substantial factor in causing the death of Aaron Lamar McDaniels.

63. The City's failure to take appropriate actions to reduce the number of police shootings in Philadelphia as later found by the DOJ was a substantial factor in causing the death of Aaron Lamar McDaniels.

64. The failure of the City and its decision makers, Mayor Michael Nutter and Police Commissioner Charles Ramsey, control, reduce and/or remedy the inappropriate and excessive use of deadly force by PPD officers, causing numerous injuries and deaths, including the death of Aaron Lamar McDaniels.

### Allegations Related to the Estate of Aaron Lamar McDaniels

65. Decedent, Aaron Lamar McDaniels, did not bring an action against defendant Olivo for damages for the injuries causing his death, during his lifetime.

66. Plaintiff brings this action as Administrator of the Estate of Aaron Lamar McDaniels, and on behalf of all others entitled to recover under law, and under the Pennsylvania Wrongful Death Act.

67. Nicole McDaniels and Anthony McDaniels, by reason of the Aaron Lamar McDaniels' injury and death, have suffered pecuniary loss, to their great detriment, and have or will incur expenses for:

    a. The costs of the decedent's medical, surgical, hospital and nursing bills;

    b. The costs of the decedent's funeral expenses;

    c. The costs of the decedent's headstone; and

    d. The costs of administering the decedent's estate.

Case ID: 131201030

68. As a result of the death of Aaron Lamar McDaniels, his parents, Nicole McDaniels and Anthony McDaniels, have been deprived of the care, comfort, aid, society, affection, support, companionship, services, guidance, tutelage, maintenance, and assistance of decedent for the remainder of his life, all to their great detriment and loss.

69. By reason of the death of the decedent, Aaron Lamar McDaniels, his parents have suffered pecuniary loss, to their great detriment, including contributions for:

     a. Food;

     b. Clothing;

     c. Shelter;

     d. Medical care;

     e. Education;

     f. Entertainment;

     g. Recreation; and

     h. Gifts.

70. Plaintiff also sues as Administrator of the Estate on behalf of the Estate of Aaron Lamar McDaniels, under and by virtue of the Pennsylvania Survival Statute, and claims damages suffered by the Estate by reason of the death of the decedent, as well as pain, suffering, inconvenience and pecuniary loss the decedent underwent prior to his death.

71. Under 42 Pa.C.S. § 8302, all the claims Aaron Lamar McDaniels would have been able to bring, had he survived his injuries, survive for the plaintiff to prosecute on behalf of decedent's Estate.

[10]

Case ID: 131201030

72. As a direct and proximate cause of defendant's actions and inactions, the decedent, prior to his death, was rendered sick, sore, and disordered and was made to undergo great physical pain and mental anguish which resulted in his death, as well as loss of earning power and earning potential, loss of his investments, default on his financial obligations, total deprivation of the normal activities, pursuits and pleasures of life, and loss of life.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

73. Plaintiff incorporates by reference paragraphs 1-72 of the instant Complaint.

74. As a direct and proximate result of all defendants' conduct, committed under color of state law, the decedent, Aaron Lamar McDaniels, was deprived of the right to be free from the unreasonable use of force and deadly force, the right to be secure in ones' person and property and to due process of law. As a result, Mr. McDaniels and his surviving parents suffered and continue to suffer harm in violation of rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

75. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty, death and financial losses, all to his detriment and harm.

76. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The unreasonable use of force and deadly force by police officers;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force and deadly force;

[11]

Case ID: 131201030

c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct including but not limited to the improper use of force, deadly force, and the discharge of firearms;

e.  Police officers' use of their status as police officers to employ the use of force and deadly force, or to achieve ends not reasonably related to their police duties;

f.  Police officers' use of their status as police officers to employ the use of force and deadly force, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

g.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and deadly force under such circumstances as presented in this case;

h.  The refusal of police officers to intervene when other officers violate the rights of citizens in their presence; and

i.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

77.  Defendant City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officer in this case, to violate the rights of citizens such as the plaintiff.

78.  Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers.  The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a.  There are excessive and chronic delays in resolving disciplinary complaints;

b.  There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

[12]

c. There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e. The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers;

j. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases;

k. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force;

l. Despite the fact that defendant Olivo had amassed a large number of serious misconduct complaints in only a few years on the force, the officer stayed well below the radar of an early warning system;

m. Despite no fewer than two prior incidents in which defendant Olico shot civilians, the PPD took no meaningful disciplinary or remedial actions and took no meaningful steps to more closely monitor, retrain and supervise the officer;

n. The PPD did nothing to respond meaningfully to the red flags evidenced in defendant Olivo's and no meaningful disciplinary action, positive corrective supervisory and/or training measures were undertaken;

[13]

o. For all the reasons set forth in the DOJ report "An Assessment of Deadly Force in the Philadelphia Police Department," the PPD fails to properly train, supervise, investigate, monitor and discipline officers on the use of deadly force.

79. Defendants have by the above described actions deprived the decedent and the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

80. Plaintiff incorporates by reference paragraphs 1-79 of the instant Complaint.

## COUNT I
## ASSAULT AND BATTERY

81. On or about August 20, 2013, defendant Olivo did knowingly, intentionally, wilfully, negligently, maliciously and/or recklessly commit an assault and battery upon the decedent, Aaron Lamar McDaniels.

82. Defendant Olivo did place the decedent, Aaron Lamar McDaniels, in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

83. As a result of the defendant's actions and conduct, the decedent suffered physical injuries, pain and suffering, emotional distress, financial losses, and death.

84. The actions and conduct of the defendant officer exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

85. The acts of defendant Olivo, as set forth above, constituted the torts of assault and battery, all to the decedent's great detriment and loss.

[14]

## COUNT II
## OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

86. Plaintiff incorporates by reference paragraphs 1-85 of the instant Complaint.

87. On or about August 20, 2013, defendant Olivo, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to the decedent, Aaron Lamar McDaniels.

88. The acts and omissions of defendant Olivo as alleged in the preceding paragraphs, constitute the tort of Outrageous Conduct Causing Severe Emotional Distress, all to the decedent's great detriment and loss.

89. As a result of defendant Olivo's actions and conduct, the decedent suffered physical injuries, pain and suffering, emotional distress, related financial losses and death.

90. The actions of the defendant exceeded the normal standards of decent conduct and were wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## COUNT III
## PUNITIVE DAMAGES

91. Plaintiff incorporates by reference paragraphs 1-90 of the instant Complaint.

92. The actions and conduct of defendant Olivo were malicious, wanton, willful, reckless and/or intentionally designed to inflict grievous bodily harm, mental distress and/or death upon the decedent.

93. As a result of the malicious, wanton, willful, reckless and intentional conduct of defendant Olivo, the plaintiff demands punitive damages.

[15]

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants in excess of $150,000.00;

b. Punitive damages as to the individual defendant in excess of $150,000.00;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just including, but not limited to, a judgment that the City of Philadelphia has failed to properly train, supervise and discipline police officers on the use of force and deadly force and is deliberately indifferent to a departmental disciplinary mechanism that is fundamentally ineffective, inadequate and unpredictable; and

e. A jury trial as to each defendant and as to each count.


Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiff

[16]

## VERIFICATION

The facts set forth in the foregoing complaint are true and correct to the best of the undersigned's knowledge, information, and belief, and are verified subject to the penalties for unsworn falsification to authorities under Pennsylvania Crimes Code §4904 (18 Pa. C.S. § 4904).

Date: 5-14-15

NICOLE McDANIELS

Case ID: 131201030

## VERIFICATION

I, Paul Messing, counsel for the plaintiff in this matter, verify that the statements set forth in the foregoing Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in the document are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


PAUL MESSING

DATE: 5/12/15

Case ID: 131201030